IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 16–06–M–DLC |
| Plaintiff, | |
| vs. | ORDER |
| NICHOLAUS WADE MANGELS, | |
| Defendant. | |

Before the Court is Defendant Nicholaus Wade Mangels' ("Mangels")
motion to dismiss the Indictment in this case on the ground of prosecutorial
vindictiveness. Mangels currently faces a single charge of receipt of child
pornography, in violation of 18 U.S.C. § 2252(a)(2). For the reasons explained
below, the Court denies Mangels' motion.

## BACKGROUND

The Court takes the facts relevant to its analysis from Mangels' briefing.
On February 23, 2016, Mangels' counsel received an offer for a plea agreement
from the government and forwarded it to Mangels for his review. The
government's offer for a plea agreement did not contain any clause, language, or
requirement that Mangels forego filing pretrial motions, nor did the plea

agreement or the email containing it set a deadline for acceptance. Mangels'

counsel was in the process of reviewing discovery materials and preparing pretrial

motions at the time he received the proposed plea agreement. On February 24,

2016, Mangels' counsel sought the government's position on the pretrial motions.

The government responded that it opposed the pretrial motions and that, according

to government counsel's "usual practice, the proposed plea agreement to [the

lesser charge of] possession [of child pornography] will be revoked." (Doc. 20-2.)

On February 25, 2016, government counsel sent Mangels' counsel a follow-up

email stating the following:

> Based on your statements in the motion for prosecutorial
> vindictiveness, it appears you did not know or remember
> my standard practice which is that plea offers are open
> until the motions deadline, but can be extended if no
> motions are filed. I did not expressly state a deadline in
> my email below because 1) you had not indicated that
> you would be filing any motions; 2) your request . . .
> indicated to me that your client wanted a prompt
> resolution of this matter; and 3) I thought you understood
> my standard practice in all of my cases. However, *I do
> not wish to punish your client in any fashion for our
> misunderstanding.*
>
> As such, the plea offer below will be open for his
> acceptance until March 4. If he is interested in promptly
> taking acceptance of responsibility for his actions and
> accepting the plea agreement, he must file a notice of his
> intent to plea and a withdrawal of all pending motions by
> that date.

(Doc. 20-3 (emphasis added).)  Mangels filed the instant motion to dismiss the day before his counsel received the above email.

## DISCUSSION

"A prosecutor violates due process when he seeks additional charges solely to punish a defendant for exercising a constitutional or statutory right." *United States v. Kent*, 649 F.3d 906, 912 (9th Cir. 2011) (citations omitted).  "A defendant may establish vindictive prosecution (1) by producing direct evidence of the prosecutor's punitive motivation, or (2) by showing that the circumstances establish a reasonable likelihood of vindictiveness, thus giving rise to a presumption that the Government must in turn rebut." *Id.* at 912-913 (citations and internal quotation marks omitted).

"To punish a person because he has done what the law plainly allows him to do is a due process violation of the most basic sort, . . . [b]ut in the 'give-and-take' of plea bargaining, there is no such element of punishment or retaliation *so long as the accused is free to accept or reject the prosecution's offer*." *Bordenkircher v. Hayes*, 434 U.S. 357, 363 (1978) (emphasis added).  The Ninth Circuit has "sanctioned the conditioning of plea agreements on acceptance of terms apart from pleading guilty, including waiving appeal, disclosing evidence, providing testimony, and cooperating as an informant against others." *Id.* at 914 (citations

omitted). "If prosecutors may permissibly demand these conditions, it follows that they may make good on threats to enhance charges if these conditions are not accepted." *Id.* (citations omitted); *see United States v. Goodwin*, 457 U.S. 368, 378 (1982) ("by tolerating and encouraging the negotiation of pleas, [the United States Supreme Court has] accepted as constitutionally legitimate the simple reality that the prosecutor's interest at the bargaining table is to persuade the defendant to forgo his constitutional right to stand trial"). "[I]n the plea negotiation context, the prosecutor's latitude to threaten harsher charges to secure a plea agreement advances the interest in avoiding trial shared by the prosecutor, defendant, and public." *Id.* at 913 (citing *Bordenkircher*, 434 U.S. at 363-364).

Mangels' motion to dismiss fails because: (1) the correspondence he cites does not support the conclusion that the government either acted with a punitive motivation or intended any vindictiveness; (2) the government's alleged offending actions occurred in the plea negotiation context, and Mangels remained[1] free to accept or reject the government's offer; and, importantly, (3) the government has not subjected Mangels to enhanced charges as a result of his filing pretrial motions – he simply faces the original Indictment if he chooses to press those motions.

---

1. Indeed, Mangels *remains* free to accept a plea agreement – neither the government's March 4th contingent deadline nor the Court's March 17th plea agreement deadline have expired as of the filing of this order.

The latter of these three points is the most compelling under the circumstances. Unlike the cases Mangels cites in his opening and reply briefs, the government's "threat" here is not to up the ante – though the government could, according to the case law – but simply to withdraw a favorable offer and stand on the original charges. By refusing to accept the government's plea agreement, Mangels is no worse off than he was on the day the government filed the Indictment against him.

Accordingly, IT IS ORDERED that Mangels' motion to dismiss on the ground of prosecutorial vindictiveness (Doc. 16) is DENIED.

DATED this 3rd day of March, 2016.

Dana L. Christensen, Chief Judge
United States District Court